IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SEATTLE BANK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-01036-O |
| | § | |
| LYNDA M. DULWORTH, *et al.*, | § | |
| | § | |
| Defendants. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are Plaintiff's Second Motion for Partial Default Judgment against Defendant Lynda M. Dulworth (ECF No. 22), filed on August 29, 2023, and Plaintiff's Motion for Entry of Agreed Judgment with Attorney Ad Litem as to Defendant Jason W. Dulworth (ECF No. 24), filed on September 7, 2023. By Order dated September 12, 2023, United States District Judge Reed O'Connor referred the motions to the undersigned for hearing, if necessary, and determination or recommendation under 28 U.S.C. § 636(b)(1). ECF No. 25. After considering the motions and applicable legal authorities, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** the motion for default judgment (ECF No. 22), **ENTER default judgment** in favor of Seattle Bank ("SB"), and **ENTER declaratory judgment** as explained below. The undersigned further **RECOMMENDS** that Judge O'Connor **GRANT** the motion for entry of agreed judgment (ECF No. 24) and **ENTER judgment** in the form substantially similar to the parties' proposed agreed judgment filed with the motion (ECF No. 24-1).

**I.     BACKGROUND**

On or about August 31, 2006, Ronald Roy Dulworth and his wife, Lynda M. Dulworth, executed an Adjustable-Rate Note ("Note") "in the original principal amount of $262,500.00

originally payable to Financial Freedom Senior Funding Corporation, a Subsidiary of IndyMac Bank, F.S.B, ("Financial Freedom") and bearing interest at the rate of 6.5700% per annum." ECF No. 1 at 3. Concurrently, Mr. and Mrs. Dulworth executed an Adjustable-Rate Home Equity Conversion Deed of Trust ("Security Instrument"), "granting a security interest in certain real property and improvements located in Tarrant County, Texas, commonly known as 932 Meadowbrook Drive, Grapevine, TX 76051," and more particularly described as:

> LOT 19, BLOCK E, BROOKHOLLOW ESTATES, SECOND SECTION, AN ADDITION TO THE CITY OF GRAPEVINE, TARRANT COUNT, TEXAS, ACCORDING TO THE PLAT FILED IN VOLUME 388-FIFTY-TWO, PAGE 47, PLAT RECORDS OF TARRANT COUNTY, TEXAS.

(the "Property"). *Id*.

Financial Freedom initially assigned and transferred the Note and Security Instrument (collectively the "Loan Agreement") to Mortgage Electronic Registration Systems, Inc., which subsequently assigned and transferred them to SB, which "is the current legal owner and holder of the endorsed in blank Note[.]" *Id*. at 4.

On or about August 21, 2019, Mr. Dulworth died. *Id.* at 5. Under the Texas Estates Code, Mr. Dulworth's heirs "acquired all of [his] respective estates, including an undivided interest in the subject real property, immediately upon [his] death." *Id*. at 2. His heirs are the defendants in the case. *Id*.

The Loan Agreement requires any obligors under the Note ("Borrowers") to occupy the property, and if they do not, "the lender may enforce the Security Instrument by selling the Property according to law and in accordance with the provisions set out in the Loan Agreement." *Id*. at 4-5. As of March 11, 2021, the Borrowers failed to occupy the property. *Id*. at 5. Consequently, SB accelerated the debt and provided to the Borrowers a notice of default on March 12, 2021, and notice of acceleration on January 4, 2022. *Id*.

SB filed its original complaint against Defendants on November 21, 2022. ECF No. 1. It seeks only declaratory judgment that (1) it is the owner and holder of the Note, beneficiary of the Security Instrument, and a mortgagee under Texas law; (2) the Security Instrument secures the outstanding balance of the Note, pre- and post-judgment interest, and court costs and attorney's fees; and (3) it "may non-judicially foreclose on [Mrs. Dulworth]'s interests on the property pursuant to the Security Instrument and the Texas Property Code[.]" ECF Nos. 22 at 5-6; 1 at 6, 9.

SB personally served Mrs. Dulworth on November 22, 2022. *See* ECF No. 21. She has not answered or otherwise appeared in this action. On February 3, 2023, the Clerk entered default against Mrs. Dulworth (ECF No. 12), and she still has not attempted to defend herself against the complaint. SB now moves for default judgment against Mrs. Dulworth. ECF No. 22.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. There are three stages to entry of default judgment. First, a default occurs "when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules." *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996); Fed. R. Civ. P. 55(a). Second, the Clerk may enter a defendant's default if it is "established by affidavit or otherwise." *Brown*, 84 F.3d at 141 (citing Fed. R. Civ. P. 55(a)). Third, if the Clerk enters default and the plaintiff's claim is not "for a sum certain or a sum that can be made certain by computation," the plaintiff must apply for a default judgment from the Court. Fed. R. Civ. P. 55(b)(1)-(2). However, the Court may not enter default judgment against an individual in military service until an attorney is appointed to represent the defendant. 50 U.S.C. § 3931(b)(2).

"[A] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (internal

quotation marks omitted). Rather, courts retain ultimate discretion to grant or deny default judgments. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

Courts use a three-pronged analysis to determine if default judgment is appropriate. *J & J Sports Prods., Inc. v. Morelia Mex. Rest., Inc.*, 126 F. Supp. 3d 809, 813 (N.D. Tex. 2015). First, courts ask if default judgment is procedurally warranted. *Id.* (citing *Lindsey*, 161 F.3d at 893). The *Lindsey* factors inform this first inquiry. *Id*. Under *Lindsey*, the Court may consider whether: (1) material issues of fact exist; (2) there has been substantial prejudice; (3) the grounds for default are clearly established; (4) the default was caused by a good faith mistake or excusable neglect; (5) default judgment would be too harsh; and (6) the court would be obliged to set aside the default upon motion from the defendant. *Lindsey*, 161 F.3d at 893.

Second, courts analyze the substantive merits of the plaintiff's claims and ask if the pleadings establish a sufficient basis for default judgment. *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). The pleadings are sufficient if they satisfy Federal Rule of Civil Procedure 8. *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015); *see* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). "The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Nishimatsu*, 515 F.2d at 1206. But the "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.*

"Third, courts determine what form of relief, if any, the plaintiff should receive." *Morelia*, 126 F. Supp. 3d at 813. In making this determination, the Complaint's "well-pleaded factual allegations are taken as true, except regarding damages." *U.S. for Use of M-Co Constr.*, *Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987); *see also Jackson v. FIE Corp.*, 302 F.3d

515, 525 & n.29 (5th Cir. 2002) ("If the court determines that defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.") (quoting 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2688 at 58-59 & n.5 (3d ed. 1998)). At this juncture, courts often find it helpful to conduct a Rule 55(b)(2) hearing. *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979) "The case law is clear that a judgment by default may not be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation." *Id.*; *see also* Fed. R. Civ. P. 55(b)(2) (Courts may conduct a hearing on motions for default judgment if needed to "(A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter.").

While the Fifth Circuit has "adopted a policy in favor of resolving cases on their merits and against the use of default judgments[,]" this policy is "counterbalanced by considerations of social goals, justice and expediency, a weighing process . . . largely within the domain of the trial judge's discretion." *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 742 F.3d 576, 594 (5th Cir. 2014) (internal quotation marks and citation omitted) (quoting *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999)). But default judgment remains "a drastic remedy, not favored by the Federal Rules." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989); *see also Shipco*, 814 F.2d at 1014 ("[D]efault judgments are 'draconian' sanctions that the district court should impose only as a last resort.").

### III.  ANALYSIS

To determine whether entry of a default judgment is proper, the Court applies a three-pronged inquiry. *See Morelia*, 126 F. Supp. 3d at 813. SB seeks entry of a default judgment on the Complaint's request for a declaration that (1) SB "is the owner and holder of the Note, beneficiary

of the Security Instrument[,] and mortgagee, as defined under Texas Property Code section 51.0001"; (2) secured by the Loan Agreement are (i) the outstanding balance of the Note, (ii) pre-judgment interest, (iii) post-judgment interest from the date of judgment until paid, (iv) costs of court, and (v) attorney's fees; and (3) SB "may non-judicially foreclose on [Mrs. Dulworth]'s interests on the Property[.]" ECF No. 22 at 5-6. Having conducted the three-part analysis for each, the undersigned concludes that Judge O'Connor should grant the motion for default judgment as to all claims.

### A.   Default judgment is procedurally warranted.

SB's claims survive the first of the three-pronged inquiry. Under *Lindsey*, courts consider six considerations. *See* 161 F.3d at 893. Here, each of the six supports default judgment on SB's claims.

First, no material issues of fact remain on SB's claims. Its pleadings state particular facts to show (1) Mr. and Mrs. Dulworth agreed to and are subject to the Loan Agreement; (2) SB is the owner and holder of the Note and is beneficiary of the Security Instrument; (3) under the Loan Agreement, the Borrowers were required to occupy the Property; (4) the Borrowers ceased to occupy the Property; (5) Mrs. Dulworth received notice of default and acceleration; and (6) in the event of default and acceleration, the Loan Agreement entitles SB to foreclose on the property for the outstanding balance of the Note, "accrued interest," "costs and expenses," and "reasonable and customary" attorney's fees. *See* ECF Nos. 1; 1-1 at 5-6, 11.

Second, nothing here shows that the "substantial prejudice" requirement undermines SB's entitlement to default judgment. *See Lindsey*, 161 F.3d at 893. The third and fourth elements also support default judgment because the grounds of Mrs. Dulworth's default are clearly established, and nothing indicates that her default was due to "a good faith mistake or excusable neglect." *See*

*Lindsey*, 161 F.3d at 893. To date Mrs. Dulworth has failed to file any pleadings with the Court, despite having abundant opportunities to do so. Accordingly, the fifth factor supports default judgment, as a judgment by default is not too harsh when the defaulting party has had every opportunity to plead its cause but did not do so. *Id.* Finally, given the clear satisfaction of the above elements, nothing indicates that the Court would "be obliged to set aside the default" upon motion from the defendant. *See id.*; *see also Moreno v. LG Elecs.*, 800 F.3d 692, 698 (5th Cir. 2015) (noting district courts are not obliged to set aside a default upon defendant's motion where "the default was willful, the plaintiff will be prejudiced, or the defendant has no meritorious defense").

With each of the six *Lindsey* factors supporting default judgment on SB's claims, its claims survive the step-one analysis. *See Morelia*, 126 F. Supp. 3d at 813. At step two, the Court must examine the substantive merits of SB's claims and determine whether the pleadings establish a sufficient basis for default judgment on each. *See Nishimatsu*, 515 F.2d at 1206. The Court finds that they do.

### B. SB's pleadings establish a sufficient basis for default judgment.

#### 1. *SB is the owner and holder of the Note, beneficiary of the Security Instrument, and a mortgagee under Texas Law.*

SB seeks a declaration that it is the owner and holder of the Note, beneficiary of the Security Instrument, and a mortgagee as defined under the Texas Property Code. ECF Nos. 1 at 6, 9; 22 at 3, 5. When considering a declaratory judgment action, the Court must ask "(1) whether an 'actual controversy' exists between the parties in the case; (2) whether it has authority to grant declaratory relief; and (3) whether to exercise its broad discretion to decide or dismiss a declaratory judgment action." *Frye v. Anadarko Petroleum Corp.*, 953 F.3d 285, 294 (5th Cir. 2019) (internal quotation marks omitted). "Actual controversy" refers to the Article III case-or-controversy requirement. *Id.* (citing *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126 (2007)).

7

SB has pleaded facts sufficient to show an actual controversy between the parties, and "nothing before the Court indicates that there is a pending state-court proceeding that would divest the Court of its authority to grant declaratory relief." *Primerica Life Ins. Co. v. Cruz*, No. 3:21-cv-02419-E, 2023 WL 373886, at *6 (N.D. Tex. Jan. 24, 2023), *appeal dismissed*, No. 23-10306, 2023 WL 6237270 (5th Cir. June 14, 2023).

Under Texas Property Code § 51.0001(4), a "mortgagee" is "the grantee, beneficiary, owner, or holder of a security instrument" or "if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record." Here, SB has pleaded facts sufficient to show that it is the last assignee and transferee of the Loan Agreement. ECF No. 1. Also, it has pleaded facts sufficient to show that it is the owner and holder of the Note and beneficiary of the Security Instrument. *Id*.

> 2. *The Loan Agreement secures the outstanding amount, accrued interest, attorney's fees, and costs.*

SB's Complaint seeks attorney's fees and costs, not "as a personal judgment against the Defendants but only as an additional debt secured by the Security Instrument." ECF No. 1 at 8, 6. SB has satisfied its Rule 8 burden by pleading that the Loan Agreement secures reasonable and customary attorney's fees and costs associated with them. *See* ECF No. 1 at 6, 8-9, 1-1 at 6, 11.

In its motion for default judgment, SB additionally seeks "[j]udgment against [Mrs. Dulworth] declaring that the following are secured by the Security Instrument on the Property: (a) the outstanding balance of the Note; (b) prejudgment interest; (c) post-judgment interest from the date of judgment until paid; and (d) costs of court." ECF No. 22 at 6.

"A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). The Fifth Circuit has "not yet had an opportunity to address the appropriate standard for determining whether a default judgment differs in kind from or

8

exceeds in amount the relevant pleadings." *Ditech Fin., L.L.C. v. Naumann*, 742 F. App'x 810, 813 (5th Cir. 2018) ("assum[ing] without deciding that the scope of permissible relief is limited to what [the plaintiff] demanded in its prayer for relief"). But it is "convinced that the proper standard flows from the reason for the rule itself—to ensure a party pondering default has meaningful notice, based on the complaint alone, of her exposure in the event of default." *Id*. To allow the complaint to lead the "defendant to believe that only a certain type and dimension of relief was being sought and then, should [the] defendant attempt to limit the scope and size of the potential judgment by not appearing or otherwise defaulting, . . . to give a different type of relief" would be fundamentally unfair. 10 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2663 (4th ed. 2014).

Here, SB's motion for default judgment does not differ in kind from its complaint. *Compare* ECF No. 1 *with* ECF No. 22. While SB did not originally seek declaratory relief regarding the securitization of the Note's outstanding balance and accrued interest, Mrs. Dulworth had meaningful notice based on the Complaint alone of her exposure in the event of default. *See Ditech Fin.*, 742 F. App'x at 813-14 (collecting cases) ("[A] prayer for breach-of-contract damages will allow recovery of breach-of-contract damages upon default, even if the exact dollars and cents were not computed and pleaded in advance."). SB sought only declaratory judgment and no monetary damages, and, taken with its attached exhibits, it pleaded facts to show that the Loan Agreement secured the outstanding loan amount and accrued interest. ECF Nos. 1; 1-1 at 5-6.

    3.    *SB is entitled to non-judicial foreclosure.*

SB also seeks a declaration judgment that "it has standing and is authorized under the Security Instrument to enforce the power of sale contained in the Security Instrument through a non-judicial foreclosure of" (ECF No. 22 at 3) the Property, and that "through the foreclosure or

auction the Defendants are divested and the purchaser at foreclosure sale is vested of all Decedent's right, title, and interest to the property" (ECF No. 1 at 9). *See also* ECF Nos. 22 at 5-6; 1 at 7-8.

> To foreclose under a security instrument in Texas with a power of sale, the lender must demonstrate that: (1) a debt exists; (2) the debt is secured by a lien created under Art. 16 § 50(a)(6) of the Texas Constitution; (3) plaintiffs are in default under the note and security instrument; and (4) plaintiffs received notice of default and acceleration.

*Singleton v. U.S. Bank Nat'l Ass'n*, No. 4:15-CV-100-A, 2016 WL 1611378 (N.D. Tex. Apr. 20, 2016) (citing *Huston v. U.S. Bank, Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. Dec. 19, 2013)), *aff'd*, 583 F. App'x 306 (5th Cir. 2014)). SB has pleaded facts sufficient to show each element: (1)-(2) that a secured debt existed between it and Mrs. Dulworth; (3) that Mrs. Dulworth is in default under the Loan Agreement; and (4) Mrs. Dulworth received notice of the default and the acceleration. ECF No. 1.

Accordingly, the Court finds that Because SB's pleadings establish a sufficient basis for default judgment, it has successfully satisfied the second prong.

### C.     SB should receive a declaratory judgment.

Default judgment is appropriate against Mrs. Dulworth. But the Court's inquiry does not end there. Having concluded default judgment is proper, the Court must now "determine what form of relief, if any, the plaintiff should receive." *Morelia*, 126 F. Supp. 3d at 814. This is the only step in the inquiry where the Court does not assume the truth of the pleadings. *See Shipco*, 814 F.2d at 1014 ("After a default judgment, the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages."). Generally, plaintiffs cannot summarily provide the Court with figures for damages or attorney's fees without explanation. Rather, they must "establish[] the necessary facts," either through detailed affidavits or an evidentiary hearing, to make the amount "capable of mathematical calculation." *United Artists*, 605 F.2d at 857. Here, SB seeks only declaratory relief, not monetary damages of any kind. ECF Nos. 1 at 8-9; 22 at 3, 5-6.

Because it seeks no monetary damages, there is no need for a hearing. *See United Artists*, 605 F.2d at 857. Granting declaratory relief is within the Court's "broad discretion," *Frye*, 953 F.3d at 294. Accordingly, Judge O'Connor should enter declaratory judgment on all three claims.

### D.   SB is entitled to declaratory relief on its claims against Jason W. Dulworth.

Also before the Court is Plaintiff's Motion for Entry of Agreed Judgment with Attorney Ad Litem as to Defendant Jason W. Dulworth. ECF No. 24. There is no just reason for delay, as the attorney ad litem for Jason Dulworth signed the Agreed Judgment. ECF No. 24-1 at 4. There are no objections, nor is there any indication that the Court's entry of judgment would unfairly prejudice any party or non-party. Thus, Judge O'Connor should grant the Motion and enter judgment in the form substantially similar to the parties' proposed agreed judgment filed with the Motion (ECF No. 24-1).

### IV.   CONCLUSION

For these reasons, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** Plaintiff's Motion for Entry of Default Judgment (ECF No. 22) and **ENTER default judgment** in favor of Plaintiff Seattle Bank against Defendant Lynda M. Dulworth. The undersigned also reviewed Plaintiff's proposed declaratory judgment (ECF No. 22-2) and finds it consistent with the applicable legal authorities. Accordingly, the undersigned further **RECOMMENDS** that Judge O'Connor **ENTER a declaratory judgment** in the form substantially similar to Plaintiff's proposed judgment (ECF No. 22-2). Finally, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** Plaintiff's Motion for Entry of Agreed Judgment with Attorney Ad Litem as to Defendant Jason W. Dulworth (ECF No. 24) and **ENTER judgment** in the form substantially similar to the parties' proposed agreed judgment (ECF No. 24-1).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on December 13, 2023.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE